IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES LARRY HUNNICUTT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | No. 3:14-CV-572-G-BN |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Charles Larry Hunnicutt has filed a 28 U.S.C. § 2254 habeas application. For the reasons stated herein, the Court should transfer the application to the United States Court of Appeals for the Fifth Circuit for appropriate action.

**Background**

Petitioner was charged with three counts of aggravated sexual assault of a child under the age of 14 by a Dallas County grand jury. He entered a plea of guilty to each of the three counts pursuant to a plea agreement and judicial confession. He was sentenced to three concurrent terms of 20 years' imprisonment. *See State v. Hunnicutt*, F–09–61782–T; F–09–61783–T; & F–09–61784–T (283rd Judicial District Court, Dallas County Texas, September 7, 2010). Petitioner did not file a direct appeal. Instead, he filed an application for state post-conviction relief for each count of conviction. The applications were denied without written order on the findings of the trial court. *See Ex parte Hunnicutt*, WR-34,608-05; WR-34,608-06; & WR-34,608-07

(Tex. Crim. App. Feb. 16, 2011). Petitioner then filed three applications for state post-conviction relief alleging constitutional violations that occurred during his state habeas proceedings. Those applications were dismissed as subsequent pursuant to Tex. Code Crim. Proc. art. 11.07, § 4. *See Ex parte Hunnicutt*, WR-34,608-08 (Tex. Crim. App. Nov. 16, 2011); WR-34,608-10 (Tex. Crim. App. Nov. 30, 2011); WR-34,608-11 (Tex. Crim. App. Dec. 14, 2011). Petitioner also filed a previous application for federal habeas relief, which was denied. *See Hunnicutt v. Thaler,* No. 3:12-cv-121-D, 2013 WL 2367772 (N.D. Tex. May 30, 2013).

Petitioner now seeks federal post-conviction relief on grounds that (1) he was denied his constitutional right to a free copy of the trial transcripts and records; (2) he was unlawfully denied an out-of-time appeal; (3) he was denied due process when his appeal was wrongfully dismissed; (4) he is actually innocent; (5) he was denied due process when his request for rulings on pre-trial motions was denied; and (6) his request for a sentence reduction was wrongfully denied.[1]

Before the Court may consider this latest application, it must determine whether Petitioner can bring a successive Section 2254 action without prior approval from the Fifth Circuit Court of Appeals.

---

[1] Petitioner has presented one additional ground for relief relating to a prison disciplinary proceeding. That ground for relief has been severed from the instant case and is pending before the Court in *Hunnicutt v. Stephens*, No. 3:14-885-G-BN (N.D. Tex., Dallas Division).

**Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). A petition is successive when it raises a claim that was or could have been raised in an earlier petition. *See Hardemon v. Quarterman,* 516 F.3d 272, 275 (5th Cir. 2008). A claim presented in a second or successive application under Section 2254 must be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the Court of Appeals before Petitioner files his application in federal district court. *See id.* § 2244(b)(3). Insofar as the United States Court of Appeals for the Fifth Circuit has not granted leave to file a successive habeas petition, this Court is without jurisdiction to consider Petitioner's allegations, including those asserting his actual innocence. *See* 28 U.S.C. § 2244(b).

## Analysis

The grounds for relief set forth in the instant petition could have been raised in Petitioner's previous habeas action. The Court of Appeals has not issued an order authorizing this Court to consider this successive Section 2254 petition. Petitioner must obtain such an order before another application for post-conviction relief may be filed. Accordingly, this 28 U.S.C. § 2254 habeas application should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002); *see also In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (adopting procedure to be used when a district court transfers to the Court of Appeals a successive Section 2254 motion from a state prisoner).

## Recommendation

Petitioner's application for writ of habeas corpus should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 13, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE